**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CITY OF ROSEVILLE EMPLOYEES' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated; et al.,

         Plaintiffs - Appellees,

  v.

ORLOFF FAM TR UAD 12/31/01 MARSHALL J. ORLOFF & ANN S. ORLOFF TTEES,

         Objector - Appellant,

  v.

MICRON TECHNOLOGY, INC.; et al.,

         Defendants - Appellees.

No. 11-35455

D.C. No. 1:06-cv-00085-WFD

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
William F. Downes, District Judge, Presiding

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted June 4, 2012[]
Seattle, Washington

Before: SILVERMAN and MURGUIA, Circuit Judges, and GEE, District Judge.[***]

In 2002, the Department of Justice ("DOJ") launched a price-fixing investigation into manufacturers of Dynamic Random Access Memory ("DRAM"), a common type of memory found in personal computers. In exchange for immunity from criminal prosecution, Defendants-Appellees Micron Technology, Inc. ("Micron") cooperated with the DOJ's investigation. Subsequently, Plaintiffs-Appellees brought a securities-fraud class-action suit against Micron, alleging that the price-fixing scheme artificially inflated Micron stock. The parties reached a settlement agreement in April 2010, with Micron agreeing to pay $42 million, in cash, into a common fund. Lead Counsel for Plaintiffs requested twenty-five percent of the common fund as attorney's fees. Objector-Appellants The Orloff Family Trust, et al. ("Orloff") objected to Lead Counsel's fee request. On April 28, 2011, the district court approved the settlement and overruled Orloff's

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Dolly M. Gee, District Judge for the U.S. District Court for Central California, sitting by designation.

objections.  Orloff appeals that decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The Court reviews an award of attorney's fees made in a class-action suit for abuse of discretion. *In re FPI/Agretech Sec. Litig.*, 105 F.3d 469, 472 (9th Cir. 1997).  Factual determinations underlying an award of attorney's fees are reviewed for clear error. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1147-48 (9th Cir. 2001).  In evaluating a fee award based on a percentage of a common fund, "The question is not whether the district court should have applied some other percentage, but whether in arriving at its percentage it considered all the circumstances of the case and reached a reasonable percentage." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002).

Orloff argues that the district court failed to consider the benefit Plaintiffs received from the DOJ's investigation of Micron; we disagree.  The district court expressly addressed, and rejected, Orloff's suggestion that Lead Counsel should receive a lower fee because of government assistance, stating "nothing in the record suggests that the DOJ's price-fixing investigation would have enabled the Plaintiffs to ride the Government's coattails to victory."  This finding of fact is entitled to deference from this Court, unless it is clearly erroneous, which it is not.

3

As the district court repeatedly noted, Plaintiffs' attempts to secure assistance from the DOJ were rebuffed. *See In re Micron Tech., Inc. Sec. Litig.*, 264 F.R.D. 7, 10 (D.D.C. 2010) (denying, on law enforcement privilege grounds, Plaintiffs' motion to compel the DOJ's compliance with subpoenas *duces tecum*). Consequently, Plaintiffs were forced to undertake what the district court described as "extensive discovery." Furthermore, as part of the Plaintiffs' civil securities-fraud case, they needed to prove loss causation and damages, issues unrelated to a criminal antitrust case, which focuses solely on an agreement to fix prices. *Compare Catalano, Inc. v. Target Sales, Inc.*, 446 U.S. 643, 647 (1980) (discussing criminal price fixing), *with Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct. 1309, 1317 (2011) (setting forth the elements of securities fraud).

Therefore, the district court did not clearly err in determining that Plaintiffs could not ride the government's coattails to victory. To the contrary, we find that the district court, which presided over this case for four years, gave consideration to Orloff's argument concerning the benefit of the DOJ's investigation, but decided that it did not merit a fee reduction in light of other circumstances, including the lack of government cooperation, extensive discovery, and the difficulty Plaintiffs faced proving loss causation and damages. This reasoned analysis is all that was required. *See Vizcaino*, 290 F.3d at 1047.

We also reject Orloff's contention the district court should not have considered *Merck & Co. v. Reynolds*, 130 S. Ct. 1784 (2010), a risk-factor because the parties settled *after* the Supreme Court resolved the case in a manner that *benefitted* Plaintiffs.[1]  First, the district court's finding that the parties settled before the Supreme Court issued *Merck* is not clearly erroneous.  While Plaintiff's evidence on this issue is not conclusive, it is more than the speculation offered by Orloff, and is sufficient to satisfy the clear error standard, which affords significant deference to the factual determinations of the district court.  *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002).  Second, that *Merck* came out in Plaintiffs' favor does not change the fact that, at the time the parties settled, *Merck* posed a significant risk to Plaintiffs' case, including Lead Counsel's substantial investments in time and money.

Finally, we find meritless Orloff's contention that the district court committed reversible error by not lowering its fee award in response to allegedly excessive billing practices by the lead partner on the case, John Grant.  In pressing this argument, Orloff misapprehends the difference between the percentage-of-the-fund and the lodestar methods of awarding attorney's fees in common fund cases.

---

[1]  *Merck* addressed a statute-of-limitations issue that was likely dispositive of the statute of limitations issue in this case.  130 S. Ct. at 1790.

Under the percentage-of-the-fund method, the focus is not on the attorneys' billing records, but on whether the percentage awarded and the resulting fee are reasonable under the circumstances of the case. *See Vizcaino*, 290 F.3d at 1048. Accordingly, Orloff's contention that the class is being made to compensate Mr. Grant for work that could have been handled by an associate is plainly inaccurate, as the fee award does not correlate to any specific expenditure of attorney time.[2]

**AFFIRMED**

---

[2] Orloff's arguments concerning Mr. Grant's billing practices are relevant to the district court's lodestar crosscheck. Orloff, however, made no argument concerning the district court's lodestar crosscheck in its opening brief, waiting until its reply to question the multiplier utilized by the district court. Accordingly, this issue is waived. *Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 672 F.3d 1160, 1166 n.8 (9th Cir. 2012).

6